# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry Ricky Tortice, | No. CV-25-08224-PCT-JJT (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Mr. Harry Tortice, appearing in *pro se*, filed a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision on October 10, 2025. (Doc. 1.) Now before the Court is the Report and Recommendation (Doc. 15, "R&R") entered by United States Magistrate Judge Michael T. Morrissey recommending that the Court dismiss the matter without prejudice for failure to prosecute. Mr. Tortice timely filed a submission that the Court has treated as an Objection to the R&R (Doc. 16).

First, while Mr. Tortice used a form identifying his complaint as one seeking review of a social security disability determination—a proceeding with which this Court is quite familiar as it is the subject of many cases brought here—the substance of his complaint, to the extent the Court can comprehend it, is not a disability benefits decision appeal. Rather, the gravamen of Mr. Tortice's complaint appears to be a tort involving violation of his privacy rights. He complains that the Social Security Administration has assembled a panel "to start an investigation into [his] daily living," for an unidentified purpose, and "installed a video camera with audio recordings" through which Mr. Tortice apparently alleges the

panel has been "watching [him] defecate, urinate and altogether all of my daily functions were recorded." (Doc. 1 at 5.)

A *pro se* litigant's use of the wrong form or his incorrect labeling of a complaint, while requiring the Court and any defendants greater time and effort to comprehend, is not necessarily fatal, and was not the basis for Judge Morrissey's recommendation of dismissal. Rather, after Judge Morrissey advised the parties of the deadlines and procedures in this matter and of the consequences for failing to heed them, Plaintiff failed to file a brief for requested relief, as Judge Morrissey's December 29, 2025 Scheduling Order required him to do. Then, after Defendants filed a Motion to Dismiss (Doc. 13), Plaintiff failed to respond to that motion as required under the Federal Rules of Civil Procedure, either timely or at all. The R&R notes that if Plaintiff will not engage to advance the matter for resolution as required by the terms of the Scheduling Order, and after warning, the Court must dispose of it. Judge Morrissey recommends dismissal without prejudice, meaning Plaintiff is not precluded from raising his claims in the future, when he is prepared to do so.

Mr. Tortice responded to the R&R, noting he lives in a nursing home, does not have independence of movement, requires a chaperone to leave the home to conduct his business, and is unable to buy stamps and envelopes to communicate with others in a reliable manner. He asks for time to "try to gather evidence on the three ladies who were empaneled by the Commissioner." (Doc. 16.)

The Court will adopt Judge Morrissey's recommendation and dismiss the matter without prejudice. Mr. Tortice acknowledges in his Objection that he is not yet prepared to present his claims and needs time to investigate them before he can state them in conformity with Fed. R. Civ. P. 8. Dismissal without prejudice will allow him to attempt to bring those claims in a new action once he is able to meet the requirements of the Rules.

**IT IS ORDERED** adopting the R&R (Doc. 15) in this matter and dismissing the Complaint (Doc. 1) and this matter without prejudice. The Clerk of Court shall close the matter.

**IT IS FURTHER ORDERED** denying as moot the Motion to Dismiss (Doc. 13).

Dated this 2nd day of April, 2026.

Honorable John J. Tuchi
United States District Judge